**2.**

PLEADINGS ASSERTING CAUSES OF ACTION, E.G., PETITIONS, COUNTERCLAIMS, CROSS ACTIONS, THIRD-PARTY ACTIONS, INTERVENTIONS AND ALL ANSWERS TO SUCH PLEADINGS.

# CERTIFIED COPY

FILED 2:26 O'CLOCK P M
AURORA DE LA GARZA, CLERK

**AUG 27 2007**

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ malora DEPUTY

CAUSE NO. 2007-08-4241-E

| | | |
|---|---|---|
| MARY KATHRYN ROTH, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF JACOB WARREN ROTH, | § | |
| DECEASED; AND FRANK RONALD | § | |
| ROTH, INDIVIDUALLY | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| KIEWIT OFFSHORE SERVICES, LTD.; | § | |
| KEPPEL AMFELS, INC. (USA); | § | |
| RAYTHEON COMPANY; AND | § | |
| THE BOEING COMPANY | § | 357th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

COME NOW Mary Kathryn Roth, Individually and As Representative of the Estate of Jacob Warren Roth, Deceased and Frank Ronald Roth, Individually, Plaintiffs herein, complaining of Kiewit Offshore Services, LTD. (hereinafter referred to as "Kiewit"), Keppel AmFELS, Inc. (USA) (hereinafter referred to as "AmFELS"), Raytheon Company (hereinafter referred to as "Raytheon"), and The Boeing Company (hereinafter referred to as "Boeing"), Defendants herein, and for their cause of action would show unto the court as follows:

## I. DISCOVERY TRACK

1.1.    Plaintiffs plead that this case should be assigned to Discovery Track Three.

## II. THE PLAINTIFFS

2.1    Plaintiff, Mary Kathryn Roth, a citizen of the United States and a resident of the State of Texas, is the surviving mother of Jacob Warren Roth, Deceased, and brings suit herein in her individual capacity, in her capacity as Representative of the Estate of Jacob Warren Roth, Deceased.

2.2     Plaintiff, Frank Ronald Roth, a citizen of the United States and a resident of the State of Texas, is the surviving father of Jacob Warren Roth, Deceased, and brings suit herein in his individual capacity.

2.3     Jacob Warren Roth died intestate and without debts; therefore, no administration of his Estate is necessary. Plaintiffs bring suit on behalf of his Estate, and all heirs are parties to this suit.

### III. THE DEFENDANTS

3.1     Defendant, Kiewit Offshore Services, Ltd., is a foreign corporation, doing business in the State of Texas, and may be served with process by serving its registered agent for service, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

3.2     Defendant, Keppel AmFELS, Inc. (USA), is a corporation organized under the laws of the State of Texas, doing business in the State of Texas, and may be served with process by serving its registered agent for service, Cheok Yuen Ho, 20000 Highway 48, Brownsville, Texas 78523.

3.3     Defendant, Raytheon Company, is a corporation organized under the laws of the State of Massachusetts, doing business in the State of Texas, and may be served with process by serving its registered agent for service, CT Corporation System, 350 N. ST. Paul St., Dallas, Texas 75201.

3.4     Defendant, The Boeing Company, is a corporation organized under the laws of the State of Delaware, doing business in the State of Texas, and may be served with process by serving its registered agent for service, Corporation Service Company, 701 Brazos Street, Ste. 1050, Austin, Texas 78701.

## IV. VENUE

4.1    Venue is proper in Cameron County, Texas, by virtue of Section 15.002(a)(3), Texas Civil Practice and Remedies Code, because a defendant's principal office is located in Cameron County, Texas.

## V. THE INCIDENT IN QUESTION

5.1    On or about October 22, 2005 Jacob Warren Roth, Decedent, was working at the Kiewit Offshore Services located in Ingleside, San Patricio County, Texas when he was killed on said premises that were owned, operated, and controlled by Defendant, Kiewit Offshore Services, Ltd. Jacob Warren Roth was employed by Basic Industries of South Texas, a company that had been contracted to complete various tasks on the Raytheon Sea-Based platform, SBX-1. The platform was at the Kiewit Offshore Services yard in Ingleside, Texas for, among other things, the lifting of Raytheon's XBR radar and its placement aboard its host, the SBX-1. SBX-1 is based on a Moss 5 semisubmersible platform, prepared at the Keppel AmFELS yard in Brownsville, Texas under a contract from Boeing Integrated Defense Systems. The XBR was built over a period of 21 months in the Kiewit Offshore Services yard and was placed on the SBX-1 using Kiewit's Heavy Lift Device.

5.2    Employees from Basic industries of South Texas were engaged in scaffold building operations upon the inside area of the vessel leg. Jacob Roth had been given the task of traveling to the ground level storage area and retrieving structural components needed for scaffold completion. Jacob Roth was required to obtain the structural components from the storage area and ascend the vessel platform via an elevator. He was then directed to travel along the weatherdeck from the elevator to the vessel leg platform ladder where he would then descend the platform ladder and return to the scaffold being built via the vessel leg platform.

- 3 -

5.3     On October 22, 2005 Jacob Roth had obtained a scaffold structural component, returned to the vessel and was descending the vessel leg platform ladder. He apparently lost contact with the ladder and fell to approximately one hundred feet beneath the vessel leg platform. Upon landing, he suffered blunt force head and chest trauma and died. The fall, and subsequent death, were caused by the defective design and warnings associated with the ladder.

## VI. CAUSES OF ACTION AGAINST DEFENDANTS

### A.     NEGLIGENCE OF KIEWIT

6.1     At the time of the incident in question, Kiewit was the owner and operator of the plant in question. Kiewit created, allowed and permitted a dangerous condition to exist on the facility in question. Further, on the occasion in question, Kiewit committed acts of omission and commission, which collectively and severally constituted negligence, which negligence was a proximate cause of the injuries to Jacob Warren Roth, the physical pain and mental anguish he suffered, his death, and of the damages suffered by Plaintiffs.

6.2     On the day in question, Kiewit created, caused and allowed an unsafe and hazardous working environment for all persons working in its facility in Ingleside. Specifically, Kiewit created, caused and allowed working conditions that ladders that did not have the appropriate and required handrails and/or fall protections. Kiewit created, caused and allowed an unsafe and hazardous working environment in failing to protect persons from becoming injured due to unstable working environment. Kiewit created, caused and allowed an unsafe and hazardous working environment in failing to ensure the ladder and deck in question complied with the applicable standards. Further, Kiewit failed to ensure that the proper cable tie offs were available on the ladder.

- 4 -

**B. GROSS NEGLIGENCE OF KIEWIT**

6.3     Kiewit created, caused and allowed an unsafe and hazardous working environment at the Ingleside Facility Unit. Kiewit created, caused and allowed an unsafe and hazardous working environment in that their equipment was not anchored properly, creating the hazardous working environment.

6.4     Specifically, Defendant Kiewit committed acts of omission and commission, which collectively and severally, constituted gross negligence, which gross negligence was a proximate cause of the injuries to Jacob Warren Roth, the physical pain and mental anguish he suffered, his death, and of the damages suffered by Plaintiffs. This gross negligence includes, but is not limited to the following:

(1)     Failing to provide a safe work place;

(2)     Failing to properly supervise the work being done at the time of the incident;

(3)     Failing to ensure that all workers were properly trained; and

(4)     Failing to warn of a dangerous condition on the plant.

**C. NEGLIGENCE OF AMFELS**

6.5     At the time of the incident in question, AmFELS had modified the SBX-1 platform in Brownsville, Texas to include the defective ladder and deck in question. AmFELS created, allowed and permitted a dangerous condition to exist on the SBX-1 platform. Further, on the occasion in question, AmFELS committed acts of omission and commission, which collectively and severally constituted negligence, which negligence was a proximate cause of the injuries to Jacob Warren Roth, the physical pain and mental anguish he suffered, his death, and of the damages suffered by Plaintiffs.

6.6    On the day in question, AmFELS created, caused and allowed an unsafe and hazardous working environment for all persons working on the SBX-1 platform. Specifically, AmFELS created, caused and allowed working conditions that included improper design and installation of the ladder and deck in question. AmFELS created, caused and allowed an unsafe and hazardous working environment in failing to protect persons from becoming injured due to unstable environment. AmFELS created, caused and allowed an unsafe and hazardous working environment in failing to ensure the ladder in question complied with the applicable standards.

**D.    GROSS NEGLIGENCE OF AMFELS**

6.7    Defendant AmFELS committed acts of omission and commission, which collectively and severally, constituted gross negligence, which gross negligence was a proximate cause of the injuries to Jacob Warren Roth, the physical pain and mental anguish he suffered, his death, and of the damages suffered by Plaintiffs. This gross negligence includes, but is not limited to the following:

(1)    Failing to properly design and/or warn about the defects on the ladder and deck in question; and

(2)    Failing to protect individuals from faulty installation of the ladder and/or deck in question.

As a result of the conduct described herein, Plaintiffs seek total damages of $25 Million Dollars.

**E.    NEGLIGENCE OF RAYTHEON**

6.8    At the time of the incident in question, Raytheon was involved in the design of the SBX-1 platform and created, allowed and/or permitted a dangerous condition to exist on the platform. Further, on the occasion in question, Raytheon committed acts of omission and commission, which collectively and severally constituted negligence, which negligence was a

- 6 -

proximate cause of the injuries to Jacob Warren Roth, the physical pain and mental anguish he suffered, his death, and of the damages suffered by Plaintiffs.

6.9     On the day in question, Raytheon created, caused and allowed an unsafe and hazardous working environment for all persons working on the SBX-1 platform. Specifically, Raytheon created, caused and allowed working conditions that included improper design and installation of the ladder and deck in question. Raytheon created, caused and allowed an unsafe and hazardous working environment in failing to protect persons from becoming injured due to unstable environment. Raytheon created, caused and allowed an unsafe and hazardous working environment in failing to ensure the ladder in question complied with the applicable standards.

**F.     GROSS NEGLIGENCE OF RAYTHEON**

6.10    Defendant Raytheon committed acts of omission and commission, which collectively and severally, constituted gross negligence, which gross negligence was a proximate cause of the injuries to Jacob Warren Roth, the physical pain and mental anguish he suffered, his death, and of the damages suffered by Plaintiffs. This gross negligence includes, but is not limited to the following:

(1)     Failing to properly design and/or warn about the defects on the ladder and deck in question; and

(2)     Failing to protect individuals from faulty installation of the ladder and/or deck in question.

**G.     NEGLIGENCE OF BOEING**

6.11    At the time of the incident in question, The Boeing Company was involved in the design of the SBX-1 platform and created, allowed and/or permitted a dangerous condition to exist on the platform. Further, on the occasion in question, The Boeing Company committed

- 7 -

CERTIFIED COPY

acts of omission and commission, which collectively and severally constituted negligence, which negligence was a proximate cause of the injuries to Jacob Warren Roth, the physical pain and mental anguish he suffered, his death, and of the damages suffered by Plaintiffs.

6.12    On the day in question, The Boeing Company created, caused and allowed an unsafe and hazardous working environment for all persons working on the SBX-1 platform. Specifically, The Boeing Company created, caused and allowed working conditions that included improper design and installation of the ladder and deck in question. The Boeing Company created, caused and allowed an unsafe and hazardous working environment in failing to protect persons from becoming injured due to unstable environment. The Boeing Company created, caused and allowed an unsafe and hazardous working environment in failing to ensure the ladder in question complied with the applicable standards.

**H.    GROSS NEGLIGENCE OF BOEING**

6.13    Defendant The Boeing Company committed acts of omission and commission, which collectively and severally, constituted gross negligence, which gross negligence was a proximate cause of the injuries to Jacob Warren Roth, the physical pain and mental anguish he suffered, his death, and of the damages suffered by Plaintiffs. This gross negligence includes, but is not limited to the following:

(1)    Failing to properly design and/or warn about the defects on the ladder and deck in question; and

(2)    Failing to protect individuals from faulty installation of the ladder and/or deck in question.

As a result of the conduct described herein, Plaintiffs seek total damages of $25 Million Dollars.

- 8 -

## VII. DAMAGES

### A. JACOB WARREN ROTH SURVIVAL DAMAGES

7.1     As a result of the accident in question, Jacob Warren Roth, sustained excruciating pain, mental anguish, and terror associated with the knowledge of his impending death. His Estate is entitled to recover for his mental anguish, physical pain, and necessary funeral bills and expenses, for which recovery is sought herein in an amount far in excess of the minimal jurisdictional limits of this Court.

### B. WRONGFUL DEATH DAMAGES OF MARY KATHRYN ROTH

7.2     As a result of the death of Jacob Warren Roth, his surviving mother, Mary Kathryn Roth, has suffered damages in the past and in the future, including pecuniary damages, mental anguish, loss of companionship, loss of consortium, and loss of inheritance, for which damages are sought under the Texas Wrongful Death Act and Texas Survival Act in an amount far in excess of the minimal jurisdictional limits of this Court.

### C. WRONGFUL DEATH DAMAGES OF FRANK RONALD ROTH

7.3     As a result of the death of Jacob Warren Roth, his surviving son, Frank Ronald Roth, has suffered damages in the past and in the future, including pecuniary damages, mental anguish, loss of companionship, loss of consortium, and loss of inheritance, for which damages are sought under the Texas Wrongful Death Act and Texas Survival Act in an amount far in excess of the minimal jurisdictional limits of this Court.

7.4     Decedent, Jacob Warren Roth, was 24 years of age at the time of his death. He was in good health with a reasonable life expectancy of many years. During his lifetime, the decedent was a good, caring son who gave comfort and companionship to his family. In all reasonable probability, he would have continued to do so for the remainder of his natural life.

## D. **EXEMPLARY DAMAGES**

7.5 As a result of the gross neglect and malice by Defendants, said Defendants should have exemplary damages assessed against them in an amount deemed appropriate by the jury.

## VIII. <u>CONSTITUTIONAL ALLEGATIONS</u>

8.1 Plaintiffs allege that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against a Defendant to two times the amount of economic damages plus an amount equal to any noneconomic damages found by the jury, not to exceed $750,000, or Two Hundred Thousand and No/100 Dollars ($200,000.00), whichever is greater, is unconstitutional, as it is violative of Section One of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process and equal protection of the laws.

8.2 Plaintiffs allege that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against a Defendant to two times the amount of economic damages plus an amount equal to any noneconomic damages found by the jury, not to exceed $750,000, or Two Hundred Thousand and No/100 Dollars ($200,000.00), whichever is greater, is unconstitutional, as it is violative of Article One, Section Three of the Texas Constitution, which guarantees equal protection of the laws.

8.3 Plaintiffs allege that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against a Defendant to two times the amount of economic damages plus an amount equal to any noneconomic damages found by the jury, not to exceed $750,000, or Two Hundred Thousand and No/100 Dollars ($200,000.00), whichever is greater, is unconstitutional, as it is violative of

- 10 -

Article One, Section Thirteen of the Texas Constitution, which guarantees access to open courts for every person for an injury done him, and that each such person shall have remedy by due course of law.

8.4     Plaintiffs allege that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against a Defendant to two times the amount of economic damages plus an amount equal to any noneconomic damages found by the jury, not to exceed $750,000, or Two Hundred Thousand and No/100 Dollars ($200,000.00), whichever is greater, is unconstitutional, as it is violative of Article One, Section Nineteen of the Texas Constitution, which guarantees due course of the law.

8.5     Plaintiffs allege that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against a Defendant to two times the amount of economic damages plus an amount equal to any noneconomic damages found by the jury, not to exceed $750,000, or Two Hundred Thousand and No/100 Dollars ($200,000.00), whichever is greater, is unconstitutional, as it is violative of Article Two, Section One of the Texas Constitution, which prohibits any one of the three branches of government from exercising any power properly attached to either of the others, specifically, prohibiting the legislature from exercising power properly attached to the judiciary.

8.6     Plaintiffs allege that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against a Defendant to two times the amount of economic damages plus an amount equal to any noneconomic damages found by the jury, not to exceed $750,000, or Two Hundred Thousand and No/100 Dollars ($200,000.00), whichever is greater, is unconstitutional, as it is violative of

Article Three, Section Fifty-Six of the Texas Constitution, which prohibits the legislature from passing any local or special law authorizing limitation of civil actions.

8.7     Plaintiffs allege that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against a Defendant to two times the amount of economic damages plus an amount equal to any noneconomic damages found by the jury, not to exceed $750,000, or Two Hundred Thousand and No/100 Dollars ($200,000.00), whichever is greater, is unconstitutional, as it is violative of Article One, Section Fifteen, and Article Five, Section Ten of the Texas Constitution, which guarantee the right to a trial by jury in civil cases.

## IX.  PRE-JUDGMENT AND POST-JUDGMENT INTEREST

9.1     Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## X.  JURY DEMAND

10.1     Plaintiffs request a trial by jury for all issues of fact.  A jury fee has been paid timely and properly.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from the Defendants for their actual damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show themselves to be justly entitled.

# CERTIFIED COPY

Respectfully submitted,

**ANTHONY, PETERSON & PURNELL, L.L.P.**
500 North Water Street, Suite 1010
Corpus Christi, Texas 78471
Telephone:    (361) 687-1000
Facsimile:    (361) 687-1010

By: _____
Brett Anthony
State Bar No. 00793272
Douglas P. Peterson
State Bar No. 00797240
Simon Purnell
State Bar No. 24003889

**ATTORNEYS FOR PLAINTIFFS**

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

SEP 2 6 2007

BY _____
DEPUTY

- 13 -

| | | |
|---|---|---|
| MARY KATHRYN ROTH, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF JACOB WARREN ROTH, DECEASED; AND FRANK RONALD ROTH, INDIVIDUALLY | § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § § | CAMERON COUNTY, TEXAS |
| KIEWIT OFFSHORE SERVICES, LTD; KEPPEL AMFELS, INC. (USA); RAYTHEON COMPANY; AND THE BOEING COMPANY | § § § § § | |
| Defendants. | § | 357TH JUDICIAL DISTRICT |

## SPECIAL APPEARANCE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **THE BOEING COMPANY** ("Boeing"), Defendant herein, and before any other pleading in this case specially appears to object to the jurisdiction of the State of Texas over this Defendant, and in connection with such special appearance, would respectfully show the Court as follows:

1. Plaintiffs are MARY KATHRYN ROTH, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF JACOB WARREN ROTH, DECEASED; AND FRANK RONALD ROTH, INDIVIDUALLY.

2. Plaintiffs have sued Boeing for wrongful death and survival action for personal injuries which occurred upon a public vessel of the United States of America. Defendant is merely an agent of the United States of America. The federal courts of the United States have exclusive jurisdiction of suits involving admiralty and public vessels as well as suits against government contractors, and where national security may be at issue.

3. Therefore, the courts of the State of Texas are without subject matter jurisdiction over this lawsuit as it concerns Boeing.

4. For these reasons, Defendant requests the Court to dismiss Plaintiffs' suit against it for lack of subject matter jurisdiction over this lawsuit as it relates to Boeing.

WHEREFORE, PREMISES CONSIDERED, The Boeing Company, Defendant, prays the Court to dismiss Plaintiffs' suit against it for lack of subject matter jurisdiction, and for such other or further relief, general or special, at law or in equity, to which Boeing may show itself to be justly entitled.

## MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **THE BOEING COMPANY** ("Boeing"), Defendant herein, and expressly subject to its special appearance, previously filed, makes this its motion to transfer venue of this case to San Patricio County filed before its Original Answer below. In connection with such Motion to Transfer Venue, Boeing would respectfully show the Court as follows:

1. Plaintiffs are MARY KATHRYN ROTH, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF JACOB WARREN ROTH, DECEASED; AND FRANK RONALD ROTH, INDIVIDUALLY.

2. Plaintiffs have sued Boeing for wrongful death and survival action for personal injuries in the District Court of Cameron County, Texas.

3. Plaintiffs judicially admit in their Original Petition that the injuries and death complained of occurred in the City of Ingleside, San Patricio County, Texas. The Original Petition also judicially admits that none of the Defendants in this suit are natural persons. This suit was filed in Cameron County because one of the Defendants has an office in that County, according to the Original Petition. This case should be transferred out of Cameron County to San Patricio

County, Texas, for the convenience of the parties, in the interest of justice and for the efficient administration of the case. pursuant to §15.002(b) Tex. Civ. Prac. & Rem. Code.

4. The relief requested in this motion is subject to the Court's ruling on Boeing's special appearance.

WHEREFORE, PREMISES CONSIDERED, The Boeing Company, Defendant, prays the Court to set its motion to transfer venue for hearing and, after the hearing, grant its motion and transfer this case to the District Court of San Patricio County, Texas, and for such other or further relief, general or special, at law or in equity, to which Boeing may show itself to be justly entitled.

## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **THE BOEING COMPANY** ("Boeing"), Defendant herein, and expressly subject to its special appearance, previously filed, files this its Original Answer to Plaintiffs' Original Petition. In connection with such, Boeing would respectfully show the Court as follows:

### General Denial

1. In accordance with Texas Rule of Civil Procedure 92, Boeing enters a general denial and thereby demands strict proof thereof by a preponderance of the evidence of each of the material allegations set forth in Plaintiffs' Original Petition according to the laws, rules, regulations, and constitution of the State of Texas and the United States of America.

WHEREFORE, PREMISES CONSIDERED, The Boeing Company, Defendant, prays the Court to dismiss Plaintiffs' suit against it with prejudice, and for such other or further relief, general or special, at law or in equity, to which Boeing may show itself to be justly entitled.

Respectfully submitted,

**BELL, RYNIKER & LETOURNEAU**

Michael K. Bell
State Bar No. 05081200
Keith B. Letourneau
State Bar No. 00795893
5847 San Felipe, Suite 4600
Houston, Texas 77057
713-871-8822
FAX 713-871-8844

**ATTORNEYS FOR DEFENDANT
THE BOEING COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record herein have been served with the foregoing instrument pursuant to Rule 21a, Texas Rules of Civil Procedure on this the 17th day of September, 2007.

_____
Keith B. Letourneau



ProDoc® eFiling

Log Out

logged in as bell97

| Home | Submit Filing | Submit eService | Your Filings | Your eService | Help |

### Filing Progress

1. Filing Information
2. Attach Documents
3. Filing Services
4. eService
5. Review Filing
6. Process Filing
7. Acknowledgement

Start a New Filing

## *Proof of Filing*

**Your submission was successful!** Your trace number is **ED031J015133682**. The details of your filing are shown below. To print this summary, click here.

You can monitor the status of this filing by going to the "Your Filings" area.

The date and time below will be the official timestamp when this filing is accepted by the clerk.

| Filed Date & Time | |
|---|---|
| **Date:** | **Time | Timezone:** |
| Thursday, September 27, 2007 | 11:57 AM | Central (U.S. and Canada) |

| Fee | Est.Amount |
|---|---|
| **Filing Fees:** | |
| Answer | $0.00 |
| Cameron District eFiling Fee | $2.00 |
| **ProDoc, Inc.:** | |
| eFiling/eService Fee | $1.00 |
| 8.25% Sales Tax | $0.08 |
| **TexasOnline Processing Fees:** | |
| TxO Processing Fee | $4.16 |
| **Total Estimated Fees:** | $7.24 |

### Payment Information

**Payment Method:** Credit Card
**Address:** 5847 San Felipe
Houston, TX 77057
**Credit Card Type:** American Express
**Credit Card #:** XXXX XXXX XXXX 049
**Cardholder Name:** Judy L. Chaffin

### Personal Information

**Filer:** Michael Bell
**Attorney of Record:** Michael Bell
**Firm or Organization:** Bell, Ryniker & Letourneau, P.C.
**Bar Number:** 02081200
**Address:** 5847 San Felipe
Suite 4600
Houston, TX 77057
**Phone:** (713) 871-8822
**Fax:** (713) 871-8844
**Email:** mkb@brlpc.com

### Filing Information

**Case Title:** Mary Kathryn Roth, et al v. Kiewitt Offshore Services, et al
**Case Description:** Roth; 6476-001
**Sealed Case:** No
**County Name:** Cameron
**Court Type:** District
**Cause Number:** 2007-08-4241-E
**Document Type:** Answer : ($0.00)

### Document Information

**Total Pages:** 4
**Document Being Filed:**

📄 Special Appearance.pdf

### Service Recipients

---

**Bookmark This Page**   ::   **Privacy Policy**   ::   **www.ProDoc.com**   ::   **Contact Us**

This site and all contents Copyright ©2003-2007 ProDoc, Inc. All rights reserved.

**Alicia Pekmezaris**

Michael K. Bell

Bell, Ryniker & Letourneau
5847 San Felipe, Suite 4600
Houston, TX 77057

713-402-7630(dir)
713-871-8822 (genl)
713-871-8844 (fax)
713-385-7630 (mobile)
mkbell@brlpc.com

www.brlpc.com

-----Original Message-----
From: eFiling@texasonline.state.tx.us [mailto:eFiling@texasonline.state.tx.us]
Sent: Thursday, September 27, 2007 11:59 AM
To: Michael K. Bell
Subject: Filing Trace Number ED031J015133682 has been received by the eFiling for Courts

PLEASE DO NOT REPLY TO THIS E-MAIL.

This email acknowledges that a filing with the following information was received from the Electronic Filing Service Provider and has been transmitted successfully to eFiling for Courts:

eFiling for Courts Received Date/Time: Thursday, September 27, 2007 11:57 AM Delivered to Court: Cameron District Time Zone of Jurisdiction: (GMT-06:00) Central Time (US & Canada) Trace Number: ED031J015133682 Official Date/Time: Thursday, September 27, 2007 11:57 AM Cause Number: 2007-08-4241-E
Style/Case Name:   Mary Kathryn Roth, et al v. Kiewitt Offshore Services, et al
Title of Document: Special Appearance.pdf

Thank you,
eFiling for Courts

Confidentiality Notice:

The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination, use or copying of this email and its attachments, if any, or the information contained herein is prohibited.

# Keith Letourneau

**From:** Alicia Pekmezaris
**Sent:** Thursday, September 27, 2007 1:27 PM
**To:** Keith Letourneau
**Subject:** FW: Filing Trace Number ED031J015133682 has been received by the eFiling for Courts

-----Original Message-----
From: eFiling@texasonline.state.tx.us [mailto:eFiling@texasonline.state.tx.us]
Sent: Thursday, September 27, 2007 11:59 AM
To: Michael K. Bell
Subject: Filing Trace Number ED031J015133682 has been received by the eFiling for Courts

PLEASE DO NOT REPLY TO THIS E-MAIL.

This email acknowledges that a filing with the following information was received from the Electronic Filing Service Provider and has been transmitted successfully to eFiling for Courts:

eFiling for Courts Received Date/Time: Thursday, September 27, 2007 11:57 AM Delivered to Court: Cameron District Time Zone of Jurisdiction: (GMT-06:00) Central Time (US & Canada) Trace Number: ED031J015133682 Official Date/Time: Thursday, September 27, 2007 11:57 AM Cause Number: 2007-08-4241-E
Style/Case Name: Mary Kathryn Roth, et al v. Kiewitt Offshore Services, et al
Title of Document: Special Appearance.pdf

Thank you,
eFiling for Courts

Confidentiality Notice:
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination, use or copying of this email and its attachments, if any, or the information contained herein is prohibited.